NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDREW POLICASTRO,

                Plaintiff,

v.

TENAFLY BOARD OF EDUCATION, ET. AL.,

                Defendants.

Civ. No. 09-1794 (DRD)

**O P I N I O N**

*Appearances by:*

ANDREW POLICASTRO
59 Day Avenue
Tenafly, NJ 07670

    *Pro Se Plaintiff*

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
by: Peter T. Shapiro, Esq. and Gregory Glickman, Esq.
199 Water Street
New York, NY 10038

    *Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

    This matter comes before the Court on dual motions by Defendants, the Tenafly Board of Education ("the Board"), Dr. Eugene Westlake, and Dr. Theodora Kontogiannis – the first requesting that the Plaintiff Andrew Policastro's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted, and

the second requesting that the Court impose sanctions on Mr. Policastro pursuant to Federal Rule of Civil Procedure 11.  Mr. Policastro, a teacher at Tenafly High School ("the school"), claims that Defendants violated his rights under the First Amendment to the United States Constitution by promulgating a policy requiring teachers to seek permission before distributing personal correspondence through the mailboxes at his school and reprimanding him for distributing a memorandum on April 2, 2009 without seeking such permission.  Challenging the policy on the bases that it is vague, overbroad, and unconstitutional as applied to him – and asserting claims based on those contentions against all Defendants under 42 U.S.C. § 1983 – Mr. Policastro asks that the Court strike down the requirement that teachers seek permission before distributing communications through the mailboxes, order the Defendants to allow teachers the use of school facilities – including electronic mail accounts – for personal correspondence, expunge the record of his reprimand from his personnel file, and award nominal damages.  Since Mr. Policastro's claims arise under federal law, this Court properly has jurisdiction pursuant to 28 U.S.C. § 1331.

   In the pending motion, Defendants argue that Mr. Policastro's claims are barred by the doctrines of res judicata and collateral estoppel.  Those contentions stem from the fact that Mr. Policastro in 2004 filed suit in this Court seeking to have the school's mailbox policy declared overbroad and unconstitutional as applied to him, and asserting claims under 42 U.S.C. § 1983 alleging that school personnel violated his First Amendment rights by removing a memorandum he had placed in the teacher mailboxes.  After an initial dismissal of the suit was vacated by the Court of Appeals for the Third Circuit, a bench trial was held and Mr. Policastro's claims were rejected.  In a January 24, 2008, ruling the Court of Appeals affirmed this Court's finding that the policy is not overbroad, and dismissed Mr. Policastro's challenge to the policy as it was applied to him and section 1983 claims as moot.  See <u>Policastro v. Kontogiannis</u>, 262 Fed. Appx.

429, 434 (3d Cir. 2008) (hereinafter "Policastro I"). Mr. Policastro then sought review from the Supreme Court of the United States, which denied his petition for certiorari on October 6, 2008, see Policastro v. Kontogiannis, 129 S. Ct. 46 (2008), and a subsequent petition to stay the judgment of the Court of Appeals on January 21, 2009. See Policastro v. Kontogiannis, 129 S. Ct. 1031 (2009).

Because the Court of Appeals addressed the merits of his earlier claim that the school's policy relating to the mailboxes is unconstitutionally overbroad when affirming this Court's prior judgment, Mr. Policastro's contentions to that effect in the pending Complaint are barred by the doctrine of res judicata and must be dismissed. Moreover, Mr. Policastro could have asserted a claim that the school's policy is unconstitutionally vague in the earlier proceedings, but failed to do so. Thus, his vagueness challenge is also barred, and will be dismissed. In contrast, the Court of Appeals did not address the merits of Mr. Policastro's claim that the mailbox policy is unconstitutional as applied to him and his attendant section 1983 cause of action asserting that school officials violated his rights by removing the memoranda he distributed. Rather, it dismissed those claims as non-justiciable because Mr. Policastro had not shown that the policy was in fact applied to him and no available remedy could redress his suit. Since his earlier as-applied challenge to the policy and section 1983 cause of action were not addressed on their merits by the Court of Appeals, neither res judicata nor collateral estoppel[1] bars those claims, and Defendants' Motion to Dismiss them must be denied.

---

[1] In their submissions regarding the pending motions, the parties use the terms "res judicata" and "collateral estoppel" interchangeably, and neither side contends that using one or the other would meaningfully affect the analysis. The term "collateral estoppel" normally refers to issue preclusion – a doctrine which bars relitigation of an issue of law or fact that has already been litigated and decided in cases where the interests of the party bringing the claim were adequately represented in the earlier suit, even if he or she was not a party to that action. See United States v. Mendoza, 464 U.S. 154, 159 (1984). "Res judicata," when used in its narrow sense, refers to claim preclusion – under which "a judgment on the merits in a prior suit bars a second suit

3

## I. BACKGROUND

The long and winding history of this action is that of a dispute "full of sound and fury, signifying nothing." William Shakespeare, MacBeth, act 5, sc. 5. Mr. Policastro's weighty claims, which purportedly implicate the fundamental and cherished free speech rights secured by the First Amendment, began with his March 13, 2002 dissemination through teacher mailboxes at Tenafly High School of a "plain vanilla" memorandum – one "containing no vulgarities or obscenities" – relating to a labor dispute between the teachers and their union over the negotiation of a proposed collective bargaining agreement. Policastro I, 262 Fed. Appx. at 430. The memorandum apparently caused quite a stir among the school's teachers, including a kerfuffle in the library and several arguments. After receiving several complaints about the memorandum, Defendant Theodora Kontogiannis, the school's principal, decided that it was unacceptably disrupting school activities and ordered all copies that had not already been collected from the teacher mailboxes removed. Shortly thereafter, a teacher reported that copies had been reinserted in the mailboxes. Ms. Kontogiannis again ordered them removed, and locked the mailroom door for the remainder of the school day.

Two years later, on March 14, 2004, Mr. Policastro filed an action in this Court against Dr. Kontogiannis and the Board. In that suit, he alleged that that the school's policy of requiring teachers to seek prior approval before placing personal correspondence in the mailboxes was

---

involving the same parties or their privies based on the same cause of action." In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002). As the Court of Appeals "has previously noted[,] 'the preferred usage' of the term res judicata 'encompasses both claim and issue preclusion.'" United States v. 5 Unlabeled Boxes, --- F.3d ----, 2009 WL 2020775 at *3 (3d Cir. 2009) (quoting Venuto v. Witco Corp., 117 F.3d 754, 758 n.5 (3d Cir. 1997)). Therefore, in light of the fact that the parties to this litigation are substantially the same as those in Policastro I (with the addition of Dr. Westlake) and the claims asserted in this suit (with the exception of Mr. Policastro's vagueness challenge) were also advanced in the earlier case, the Court will for the sake of simplicity use the term "res judicata" to refer to both claim and issue preclusion throughout this opinion.

unconstitutionally overbroad and had infringed his rights under the First Amendment in the manner it was applied to him, and asserted a section 1983 cause of action against Ms. Kontogiannis based on his claim that her removal of the memorandum had violated his constitutional rights.  The policy at issue states:

> Mailboxes are the property of the Tenafly Board of Education and should be used for school business.  Any staff member wishing to distribute flyers/announcements etc. (via the mailboxes) must have prior approval from the principal or vice-principal.

Alleging that Mr. Policastro had failed in his Complaint to state a claim upon which relief could be granted, Ms. Kontogiannis and the Board filed a Motion to Dismiss, which the Court granted on June 4, 2004.  Mr. Policastro appealed, and on January 12, 2005, the Court of Appeals vacated this Court's dismissal and remanded for further proceedings.  See Policastro v. Kontogiannis, 2005 WL 1005131 (3d Cir. 2005).

On remand, this Court conducted a bench trial at which Mr. Policastro appeared pro se. After hearing testimony from both sides, the Court held that the school's policy relating to the teacher mailboxes was not unconstitutionally overbroad, and the application of that policy to Mr. Policastro did not violate his rights under the First Amendment.  Based on that finding, the Court entered judgment in favor of Ms. Kontogiannis and the Board on all claims. Following that ruling, Mr. Policastro again sought relief from the Court of Appeals.  That effort proved unavailing when, on January 24, 2008, the Court of Appeals affirmed this Court's ruling that the school's policy requiring staff members to seek permission before placing personal items in the teacher mailboxes is not unconstitutionally overbroad, and dismissed Mr. Policastro's challenge to the policy as it was applied to him and section 1983 claims as moot.  See Policastro I, 262 Fed. Appx. at 434.

A close examination of the opinion rendered by the Court of Appeals in Policastro I makes it clear that only the overbreadth challenge was addressed on its merits.  With respect to that claim, the Court of Appeals stated that "the record fails to show that the Mailbox Policy has had an actual or potential chilling effect on teacher speech. … Accordingly, we will affirm the District Court's denial of Policastro's overbreadth challenge."  Id. at 432.  In addressing Mr. Policastro's challenge to the policy as it was applied to him, however, the Court of Appeals found "no evidence in the record demonstrating that the Mailbox Policy was the cause of … the removal" of the memorandum placed in the teacher mailboxes by Mr. Policastro.  Id.  Therefore, the Court ruled that "Policastro has not shown he suffered any injury under the policy or that the policy has ever in fact been applied to him."  Id.  Similarly, the Court of Appeals stated, in light of the fact that Mr. Policastro sought only injunctive and declaratory relief (rather than damages) in his section 1983 claim, that:

> Because the school's action in removing the memorandum was an isolated occurrence wholly unrelated to the Mailbox Policy, the facts present no ongoing harm or controversy for us to remedy.  Accordingly, whether or not Policastro had standing prior to remand, his claims are now moot.
>
> …
>
> At this juncture, no available remedy would redress Policastro's suit.  He has not sought damages.[2]  Injunctive relief would be unavailable for Policastro at this time [because the harm in question – the removal of the memorandum – had

---

[2] Mr. Policastro repeatedly and vociferously argues in his papers relating to the pending motions that the Court of Appeals erred by stating that his prior suit did not seek damages.  An examination of the record in that action reveals, however, that Mr. Policastro did not allege damages in his Complaint.  Rather, the first claim for damages appears in his petition seeking certiorari to the Supreme Court.  Since Mr. Policastro's allegation that he suffered damages as a result of the school's mailbox policy was not raised in the District Court, that claim was waived. See Gass v. V.I. Tel. Corp., 311 F.3d 237, 246 (3d Cir. 2002) ("[I]t is well established that failure to raise an issue in the district court constitutes a wavier of the argument.").  Thankfully, in light of today's ruling that the Court of Appeals did not address the merits of Mr. Policastro's as-applied and section 1983 claims and those claims are therefore not barred by res judicata, the issue of whether he sought damages in his earlier suit need not be addressed.

passed], and declaratory relief would amount to no more than an advisory opinion regarding the "wrongfulness" of past conduct.

Id. at 243.

Dissatisfied with the decision rendered by the Court of Appeals, Mr. Policastro petitioned the Supreme Court for certiorari. The Supreme Court declined that petition on October 6, 2008. See Policastro, 129 S. Ct. at 46. Mr. Policastro then requested that the Supreme Court stay the judgment of the Court of Appeals. On January 21, 2009, the Supreme Court denied that request. See Policastro, 129 S. Ct. at 1031. Thus, after almost five years of legal proceedings, including a bench trial in this Court, two adjudications before the Court of Appeals, and two petitions to the Supreme Court, Mr. Policastro's grievances against Dr. Kontogiannis and the Board were finally disposed of – the overbreadth claim having been rejected on its merits, while the as-applied challenge to the school's mailbox policy and the section 1983 claim were dismissed as non-justiciable.

Or so it seemed. But rather than go quietly into that good night, Mr. Policastro – apparently deeply troubled by the erosion of constitutional rights attributable to the existence of a measure requiring staff members to seek permission before distributing personal items through teacher mailboxes – chose to once again challenge the school's policy. Donning the mantle of a champion for the freedoms on which our Republic depends, he prepared over 100 memoranda comparing the salaries of Tenafly High School teachers to those of educators in the neighboring city of Teaneck, and enclosed them in envelopes on which he stamped:

> LETTERS OF THE CARRIER
> SENT BY ANDY POLICASTRO
> 39 C.F.R. § 310.3(b)(1)[3]

---

[3] Both parties devoted a significant portion of their briefs relating to the current motions to the question of whether the "letters of the carrier" exception claimed by Mr. Policastro is applicable to the placement of personal correspondence in teacher mailboxes. For the purposes of the deciding the pending motions, that question is properly characterized as "fuss and feathers" – it

7

On the letters themselves, Mr. Policastro included a banner message stating that "I DID NOT HAVE ANY PRIOR APPROVAL OF THE PRINCIPAL TO MASS DISTRIBUTE THIS MEMO IN THE TEACHER MAILBOXES."

Despite lacking approval to distribute the memoranda, though, Mr. Policastro did just that on the morning of April 2, 2009. Later that day, he sent an e-mail to Defendant Eugene Westlake, the Tenafly Superintendant of Schools, on which he copied Dr. Kontogiannis. Also included on the e-mail were Karen Sudol and Joe Ryan, newspaper reporters for, respectively, the Bergen Record and New Jersey Star-Ledger. In the e-mail, Mr. Policastro framed his actions as a principled stand in support of free speech, stating in relevant part that:

> This morning at 6:55 AM, I placed over 100 memos in the Tenafly High School teacher mailboxes. This was done by me alone and without incident. I placed the memos in over 95% of the teacher (teacher, counselors, nurses) mailboxes without any prior approval from the principal or any administrator.
>
> I am well aware that in May, 2002, Dr. Kontogiannis gave me a verbal directive at a meeting, "that prior approval must be had before placing items in the teacher mailboxes." … I openly disobeyed this directive because it is unconstitutional and abridges my free speech rights as a public school teacher.
>
> …
>
> My use and all NJ teachers' use of the teacher mailboxes without prior approval is a Constitutional right.
>
> …
>
> Judge Pisano's opinions were factually incorrect and did not follow basic tenets of First Amendment law.

Faced with Mr. Policastro's open and repeated flouting of the school's mailbox policy, the Board decided to take disciplinary action. On April 13, 2009, Dr. Westlake served Mr.

---

does not relate to whether Mr. Policastro's claims are barred by res judicata, the only ground on which the Defendants have moved for dismissal, and need not be addressed at this stage of the proceedings.

Policastro with a written reprimand for insubordination. The reprimand explicitly invoked the school's mailbox policy and threatened Mr. Policastro with termination in the event of future violations, stating that:

> On April 2, 2009 you placed over 100 memos in the teacher mailboxes at Tenafly High School without receiving permission from the building principal. You took this action notwithstanding your acknowledgment that your principal, Dr. Kontogiannis, gave you a specific directive that approval must be sought before placing items in the teacher mailboxes. Her directive is consistent with Board policy on the use of teacher mailboxes.
>
> Your purposeful and willful conduct in disregarding the directive of Dr. Kontogiannis is insubordinate and will not be tolerated.
>
> Therefore you are receiving this written reprimand for your insubordinate behavior. This reprimand will be placed permanently in your personnel file. Should you engage in any further insubordinate behavior, the Board will bring tenure charges against you.

Two days after receiving the reprimand, Mr. Policastro filed a complaint in this Court naming as defendants the Board, Dr. Westlake, and Dr. Kontogiannis. In it, Mr. Policastro asserted the same causes of action as in his earlier suit – that the mailbox policy is overbroad and unconstitutional as applied to him, and a claim under 42 U.S.C. § 1983 alleging that school personnel violated his First Amendment rights by reprimanding him for placing the memoranda in the teacher mailboxes without permission – but added averments that the policy is unconstitutionally vague and asserted a claim for nominal damages in the amount of one dollar. In lieu of an Answer, the Defendants on June 12, 2009 filed a Motion to Dismiss Mr. Policastro's claims on the basis that they are barred by res judicata. Simultaneously, Defendants filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 in which they argue that Mr. Policastro's claims are frivolous and were brought in bad faith as a means of harassing the Board, Dr. Kontogiannis, and Dr. Westlake. Defendants' contention that Mr. Policastro's claims are frivolous is premised on their argument that those claims are barred by res judicata. Thus,

the central question in both motions is whether the ruling in Policastro I precludes Mr. Policastro's claims in this suit.

## II.  DISCUSSION

In his opposition to the Defendants' motions, Mr. Policastro argues that his claims are not barred by res judicata because the facts of this case differ from those in Policastro I. Specifically, he notes that – in an apparent effort to overcome the justiciability problem that led the Court of Appeals to dismiss his earlier claims – the current suit seeks one dollar in nominal damages.  Additionally, Mr. Policastro alleges that the Board's actions in reprimanding him disprove the Court's holding in Policastro I, 262 Fed. Appx. at 433, that "the school's action in removing the memorandum [in the earlier case] was an isolated occurrence wholly unrelated to the Mailbox Policy, [and] the facts present no ongoing harm or controversy for us to remedy." Based on those contentions, Mr. Policastro claims that the ruling by the Court of Appeals in Policastro I – which affirmed this Court's ruling that the mailbox policy is not unconstitutionally overbroad and dismissed his as-applied challenge that policy and section 1983 claim – does not bar the current suit.

Although mindful of the vexatious nature of the present litigation, the Court agrees for the reasons set forth below with Mr. Policastro's contention that his as-applied challenge to the constitutionality of the mailbox policy and section 1983 claims are not barred.  On review of the opinion in Policastro I, it is clear that the Court of Appeals dismissed those claims as non-justiciable rather than addressing their merits.  Thus, that ruling does not preclude Mr. Policastro from asserting those claims in this action.  The overbreadth and vagueness challenges to the mailbox policy must be dismissed, however; the Court of Appeals addressed the merits of the

former in Policastro I, while the latter could have been brought in that case and is therefore barred.

**A.  Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007).  The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  In contrast, Bell Atlantic, 550 U.S. at 545, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Thus, the assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged."  Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (In order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery

11

will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the Court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

**B. Res Judicata and Mr. Policastro's Claims**

The central question in the pending motions is whether Mr. Policastro's claims are precluded by the doctrine of res judicata. If so, this Court is powerless to grant relief, and the barred claims must be dismissed. E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990) ("There is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.") (internal quotations omitted). Therefore, the Court must examine each of Mr. Policastro's claims in light of the established principles of res judicata in order to determine whether they are barred.

Res judicata "requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." Id. "'[O]n the merits' has a well settled meaning: a decision finally resolving the parties' claims … that is based on the substance of the claim advanced, rather than on a procedural, or other, ground."

12

Thomas v. Horn, --- F.3d ----, 2009 WL 1874285 at *4 (citing Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501-2 (2001)). In a cases originally decided by a trial court and sustained on appeal, the question of whether a "judgment on the merits" exists depends on whether the appellate court's ruling was based on substantive grounds. Id. "If the appellate court terminates the case by final rulings as to some matters only, preclusion is limited to the matters actually resolved by the appellate court." Id. (quoting 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 4432 (2d ed. 2002)).

It is well-established that a dismissal on the grounds of mootness does not constitute a judgment on the merits of a claim. To the contrary, the question of mootness – whether the case presents an actual controversy amenable to relief in the courts rather than a hypothetical dispute in which any ruling would constitute an advisory opinion as to what the law would be in a given state of affairs – is a threshold issue that must be resolved prior to addressing the merits of a suit. See, e.g., North Carolina v. Rice, 404 U.S. 244, 246 (1971) ("[T]he question of mootness is … one that must be resolved before a federal court can assume jurisdiction."); United States v. Grape, 549 F.3d 591, 597 (3d Cir. 2008) ("[W]e must resolve the issue of mootness before we exercise jurisdiction and proceed to the merits of this case."). Therefore, Mr. Policastro's claims are barred only to the extent that they (1) were addressed and rejected on their merits – rather than on the grounds that they were non-justiciable due to mootness – in Policastro I, or (2) could have been brought in that proceeding, but were not. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) ("the doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought.").

13

### *i.     Overbreadth Challenge*

Mr. Policastro argues that the school's mailbox policy is unconstitutionally overbroad. That claim, which he also asserted in the prior litigation, was addressed on its merits and rejected by the Court of Appeals in Policastro I. Therefore, it is barred by res judicata and must be dismissed.

In addressing Mr. Policastro's overbreadth challenge to the mailbox policy in the earlier case, the Court of Appeals, after reviewing the applicable case law, engaged in a lengthy discussion of this Court's holding on the substantive merits of the claim, stating:

> Here, the District Court held the Mailbox Policy had no actual or potential chilling effect. The court found that Tenafly teachers, including Policastro, had distributed personal documents through the teachers' mailboxes both before and after the subject memorandum was confiscated. The court also found, and all parties agreed, that Tenafly High School administrators had never denied prior approval of a mass distribution, and that – with the exception of the subject memorandum here – nothing had ever been removed from the mailboxes. Furthermore, in terms of the Mailbox Policy's "legitimate sweep," the court credited Kontogiannis's testimony that the purpose of the policy was to ensure that the mailboxes did not become overstuffed to the point where documents involving school business would be missed or lost. Based on these facts, the court concluded that any inhibiting impact of the Mailbox Policy was insubstantial relative to its legitimate scope.

Policastro I, 262 Fed. Appx. at 431-32.

The Court of Appeals proceeded to affirm that holding, stating:

> We agree that the record fails to show that the Mailbox Policy has had an actual or potential chilling effect on teacher speech. Policastro admits that "[s]ince the removal of the memo ... use of the mailboxes by teachers for personal messages (memos, notes, cards, etc.) has continued as usual, without prior approval." Accordingly, we will affirm the District Court's denial of Policastro's overbreadth challenge.

Id. at 432.

The excerpts above make clear that the Court of Appeals addressed the substantive merits of the overbreadth challenge in that case. Mr. Policastro's argues in his papers relating to the

14

pending motions, however, that this Court should ignore that ruling on the grounds that the events which have occurred since it was issued – his distribution of the 100 memoranda on April 2, 2009 and subsequent reprimand – conclusively demonstrate that the policy did in fact have a chilling effect on teacher speech.  In making that contention, Mr. Policastro asks this Court to pass judgment on the question of whether it was proper for the Court of Appeals to rely on evidence that use the mailboxes at Tenafly High School for personal correspondence by the teachers at that facility had occurred before the removal of the memos at issue in Policastro I and had continued after the events that led to that proceeding.  This Court is powerless to engage in such a review, and is bound by the decision of the Court of Appeals.  Therefore, Mr. Policastro's overbreadth challenge will be dismissed as barred by res judicata.

    *ii.*    *Vagueness Challenge*

Although not asserted in the earlier action, Mr. Policastro's claim that the mailbox policy is unconstitutionally vague is also barred.  It is well-established that "the doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought."  Mullarkey, 536 F.3d at 225.  In doing so, res judicata serves the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."  Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979).

Mr. Policastro has already pursued a facial challenge to the constitutionality of the mailbox policy.  His previous suit, which involved two proceedings before this Court, two reviews by the Court of Appeals, and two petitions for relief to the Supreme Court, could have alleged that the policy was unconstitutionally vague, but did not do so.  See Policastro I, 262 Fed. Appx. at 431 n.3 (rejecting contention by amicus curiae that Mr. Policastro had asserted a

vagueness claim at trial). To allow a vagueness challenge to be asserted at this juncture would unfairly grant Mr. Policastro the right to modify his claims in order to breathe new life into his facial challenge to the policy, and would thereby eviscerate the rejection of that challenge contained in Policastro I. In short, it would grant Mr. Policastro license to endlessly relitigate issues that have already been settled – an indulgence that, as is made clear by his actions in both this proceeding and the prior litigation, would almost certainly be abused and would needlessly impose upon the resources of both the Tenafly school district and this Court. The very purpose of res judicata is to avoid such situations. Therefore, the Court finds that Mr. Policastro's vagueness claim is barred because it could have been pursued in the prior action, and that claim will be dismissed.

### *iii.   As-Applied Challenge*

Unlike his facial challenges to the mailbox policy based on its alleged overbreadth and vagueness, Mr. Policastro's claim that the policy is unconstitutional as it was applied to him is not barred. The Court of Appeals did not address the merits of that claim in Policastro I, and the application of the policy at issue in this case – a written reprimand carrying the threat of tenure charges and eventual termination – is different than the simple removal of the memorandum in the earlier case. Therefore, the Defendants' Motion to Dismiss will be denied as to Mr. Policastro's as-applied challenge.

An examination of the portion of the Policastro I opinion relating to the as-applied challenge in that case clearly demonstrates that the Court of Appeals did not reject Mr. Policastro's claim on its merits:

> Policastro also claims the Mailbox Policy is unconstitutional as it was applied to him. But Kontogiannis testified at trial that she removed the memorandum because of a disruption among the teachers that threatened to disrupt the school's program. There is no evidence in the record demonstrating the Mailbox Policy

16

>   was the cause of the memorandum's removal. Accordingly, <u>Policastro has not shown he suffered any injury under the policy or that the policy has ever in fact been applied to him</u>. We will affirm the District Court's denial of Policastro's "as applied" challenge to the Mailbox Policy.

<u>Policastro I</u>, 262 Fed. Appx. at 432 (emphasis added).

While the use of the word "affirm" by the Court of Appeals in the last sentence of the excerpt above would normally connote agreement with this Court's substantive holding, the statement in the preceding sentence that "Policastro has not shown he suffered any injury under the policy or that the policy has ever in fact been applied to him" compels the conclusion that the Court of Appeals did not address the merits of Mr. Policastro's as-applied challenge. Rather, it ruled that – because there was no factual evidence that the policy was the cause of the removal of the memorandum in <u>Policastro I</u> – the claim should be dismissed as non-justiciable. In other words, the Court of Appeals held that it could not address the question of whether the policy had been applied to Mr. Policastro constitutionally, because it had not been applied at all. That holding was not a "judgment on the merits" of the type necessary for res judicata to attach. See <u>U.S. Steel</u>, 921 F.2d at 493 (defining "judgment on the merits" for the purposes of res judicata). Therefore, Mr. Policastro's as-applied challenge to the mailbox policy is not barred, and the Defendants' motion to dismiss will be denied as to that claim.

  iv.  *Section 1983 Claim*

 Similarly, Mr. Policastro's section 1983 claims against the Defendants are not barred. Although he asserted similar claims using almost identical language in <u>Policastro I</u>, the Court of Appeals made it clear on three different occasions in its earlier ruling that those claims were dismissed as moot rather than rejected on their merits, stating:

>   [T]he trial testimony unequivocally shows the subject memorandum was removed because of the perceived disturbance it caused, not because of the Mailbox Policy. Because the school's action in removing the memorandum was an isolated

17

> occurrence wholly unrelated to the Mailbox Policy, the facts present no ongoing harm or controversy for us to remedy. Accordingly, whether or not Policastro had standing prior to remand, his [section 1983] claims are now moot.
>
> …
>
> At this juncture, no available remedy would redress Policastro's suit. He has not sought damages. Injunctive relief would be unavailable for Policastro at this time, and declaratory relief would amount to no more than an advisory opinion regarding the "wrongfulness" of past conduct.
>
> …
>
> Accordingly, where Policastro has not sought damages, and we are unable to afford him meaningful alternative relief, his claim that Kontogiannis's removal of the subject memorandum from teacher mailboxes violated his First Amendment right to free speech is moot.

Policastro I, 262 Fed. Appx. at 433-34.

As discussed above, a dismissal on the grounds of mootness is not a "judgment on the merits" entitled to res judicata. See Rice, 404 U.S. at 246; Grape, 549 F.3d at 597. Therefore, the Court must deny Defendants' Motion to Dismiss Mr. Policastro's section 1983 claim.

**D. Motion for Sanctions**

In addition to their Motion to Dismiss, Defendants request that the Court impose sanctions on Mr. Policastro pursuant to Federal Rule of Civil Procedure 11. That request is premised on the allegation that Mr. Policastro's claims are frivolous because they are barred by res judicata. Having ruled that two of Mr. Policastro's four claims are not barred, Defendants' contention that those claims are a bad-faith attempt to relitigate settled issues must be rejected.[4] Therefore, the Court will deny Defendants' Motion for Sanctions.

---

[4] The Court notes that both of Defendants' motions were premised solely on the argument that Mr. Policastro's claims are barred by res judicata. The question of whether those claims are legally meritorious is beyond the scope of this ruling, and will need to be addressed at some later point. In sustaining the as-applied challenge and § 1983 claims, the Court expresses no opinion as to whether (1) the mailbox policy is unconstitutional or (2) the actions of the Defendants' in

## III.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss will be granted in part and denied in part.  Defendants' Motion for Sanctions will be denied.

The Court will enter an order implementing this opinion.

                                       **s/ Dickinson R. Debevoise**
                                       DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 24, 2009

---

reprimanding Mr. Policastro for placing personal memoranda in the teacher mailboxes without permission violated his right to freedom of expression.